IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL JACKSON,

    Petitioner,

v.                                     CASE NO. 5:03-cv-00221-MP-EMT

STATE OF FLORIDA,

    Respondent.

_____/

**O R D E R**

This matter comes before the Court on motion of the Petitioner, Doc. 20, for reconsideration of this Court's denial of his habeas corpus petition with prejudice, Doc. 18. The Petitioner's original habeas corpus petition, has already been dismissed with prejudice by this Court for being untimely under 28 U.S.C. § 2244(d)(1). In his motion for reconsideration, Petitioner raises no new issues that requires this Court to reconsider its previous Order. Instead, Petitioner simply reasserts his belief that his petition for writ of habeas corpus is one governed by 28 U.S.C. § 2241, not 28 U.S.C. § 2254. Consequently, the Petitioner argues, his claim is not subject to the one-year limitation period in 28 U.S.C. § 2244(d).

If Petitioner's claim is construed as a § 2254 petition, the one-year limitation period outlined in U.S.C. §2244(d) would clearly apply. Tinker v. Moore, 255 F.3d 1331, 1334 n.1 (11th Cir. 2001) (citing Artuz v. Bennett, 531 U.S. 4 (2000); Webster v. Moore, 199 F.3d 1256, 1257 n. 3 (11 Cir. 2000)). Even assuming Petitioner's claim falls under § 2241, "it also is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'" Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003) (quoting 28 U.S.C. § 2254(a)). Therefore, the one-year limitation period in § 2244(d) would still apply. See Peoples v.

<u>Chatman</u>, 393 F.3d 1352, 1353 (11th Cir. 2004).  In this case, Petitioner failed to file his petition within the one-year requirement specified in U.S.C. § 2244(d).

Accordingly, it is

**ORDERED AND ADJUDGED:**

Petitioner's Motion for Reconsideration, Doc. 20, is DENIED.

**DONE AND ORDERED** this   *23rd* day of August, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge