IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL JACKSON,

    Petitioner,

v.                                              CASE NO. 5:03-cv-00221-MP-EMT

STATE OF FLORIDA,

    Respondent.

_____/

## **O R D E R**

Petitioner has filed a Motion for Certificate of Appealability in this case (Doc. 23). The Court therefore has two issues before it: whether Petitioner should be granted a Certificate of Appealability ("COA"), and if so, which issue(s) should be certified for appeal. Having considered the facts of this case and the applicable law, the Court finds that Petitioner's request should be DENIED.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a *substantial showing* of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing, his or her request for a COA must be denied. See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996), petition for cert. filed (May 12, 1997) (No. 96-8986).

Petitioner's request for a writ of habeas corpus was dismissed by this Court for being untimely under 28 U.S.C. § 2241(d)(1). Petitioner maintains that his claim is governed by 28 U.S.C. § 2241, not 28 U.S.C. § 2254. Thus, Petitioner contends, his claim is not subject to the one-year limitation period in 28 U.S.C. § 2244(d). However, even if Petitioner's claim is construed as falling under § 2241, "it also is governed by § 2244 because Appellant is 'in custody pursuant to the judgment of a State court.'" Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003) (quoting 28 U.S.C. § 2254(a)). Therefore, the one-year limitation period in § 2244(d) would still apply to Petitioner's claim. See Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). Accordingly, Petitioner has failed to demonstrate how a court could decide differently on the issue. Therefore, Petitioner cannot make a substantial showing of the violation of a constitutional right and the Application for Certificate of Appealability is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Certificate of Appealability (Doc. 23) is DENIED.

2. The clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *14th* day of September, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge